Filed 8/25/15  In re D.G. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.G., a Person Coming Under the Juvenile Court Law. | C077543 |
| THE PEOPLE, | (Super. Ct. No. JV131260) |
| Plaintiff and Respondent, | |
| v. | |
| D.G., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *In re Kevin S*. (2003) 113 Cal.App.4th 97 (*Kevin S*.).  Having reviewed the record as required by *Wende* and *Kevin S*., we affirm the judgment.

**BACKGROUND**

D.G. (the minor), who was declared a dependent of the court in 1998 after suffering severe neglect by her mother, first came under the supervision of the

1

Sacramento County Probation Department (the Department) in April 2010, when the Department filed a Welfare and Institutions Code section 602 petition alleging the minor created a disturbance in a public school.[1]  The trial court converted the case from dependency to delinquency in August 2012 and declared the minor a ward of the court. Between April 2010 and September 2014 the Department filed multiple additional petitions and violations of probation.  The allegations increased in seriousness, including charges of battery, attempted carjacking, and robbery.  The minor repeatedly ran away from placements.  The juvenile court also removed her from a foster home placement in April 2014 because she committed verbal assaults and vandalism in the home, and from a group home placement for assaulting a staff member.  While placed at juvenile hall, she had numerous incident reports of disrespect, noncompliance, and threatening harm to herself or others.

On September 2, 2014, the Department filed a section 777 petition alleging a violation of probation by assaulting a supervisor at the group home, Stevie Powell.  On June 3, 2014, the minor had been at the home for about 24 hours when she was informed she would not be allowed to go home for 30 days.  Her mother-in-law and daughter would be allowed to visit her.  She became angry and started yelling, so Powell let her speak with her mother-in-law on the phone.  The minor appeared to calm down, but then began roaming around the house in a manner violative of the house rules.  Powell advised her to stop.  The minor became angry again and yelled at and threatened Powell, other minors in the home, and staff.  She then mentioned a knife and threatened a specific child.  Powell stepped in her way and the minor pushed her out of the way.  Powell called law enforcement.  The minor denied saying the word "knife."  She claimed Powell initiated the yelling and pushed her repeatedly.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

On September 23, 2014, following the contested dispositional hearing, the juvenile court found the violation of probation allegations true. The court ordered the minor to a "Level 'B' " placement in Colorado and awarded her 103 days of custody credit. The minor appealed from the September 23, 2014, order.

## DISCUSSION

We appointed counsel to represent the minor on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436; *Kevin S.*, *supra*, 113 Cal.App.4th 97.) The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from the minor.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## DISPOSITION

The judgment is affirmed.

                                                              RAYE            , P. J.

We concur:

          HULL          , J.

          BUTZ          , J.

3